UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ANDREW DAVID WETZEL                                    CIVIL ACTION

VERSUS                                                 NO. 10-2967

WARDEN GREGORY LONGINO                                 SECTION "N" (6)

## REPORT AND RECOMMENDATION

This matter was referred to the United States Magistrate Judge for the purpose of conducting hearings, including an evidentiary hearing, if necessary, and submission of proposed findings and recommendations for disposition pursuant to 28 U.S.C. § 636(b) (1)(B) and (C), and as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases. Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing. For the reasons set forth below, it is recommended that the instant petition be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state court remedies.

In this petition, Andrew David Wetzel seeks relief from his May 1, 2009 conviction arising from the Twenty-Second Judicial District Court for the Parish of St. Tammany. The Court, however, does not reach the merits of the instant petition since Wetzel has failed to exhaust his available state court remedies. 28 U.S.C. § 2254; *Rose v. Lundy*, 455 U.S. 509, 102 S. Ct. 1198, 71 L. Ed. 2d 379 (1982); *Preiser v. Rodriguez*, 411 U.S. 475, 93 S. Ct. 1827, 36 L. Ed. 2d 439 (1973);

*Serio v. Members of the Louisiana Board of Pardons*, 821 F. 2d 1112, 1117 (5th Cir. 1987). Generally, the exhaustion requirement is satisfied only when the grounds urged in a federal petition were previously presented to the state's highest court in a procedurally proper manner. *Dupuy v. Butler*, 837 F. 2d 699, 702 (5th Cir. 1988).

Pursuant to this Court's independent research, it was ascertained that the Louisiana Supreme Court has rendered no adjudication with regard to Wetzel's May 1, 2009 conviction. In fact, pursuant to a telephone conference with the Clerk's Office for the Louisiana Supreme Court, it was discovered that Wetzel has failed to file any pleadings with the state high court. Accordingly;

## **RECOMMENDATION**

It is hereby **RECOMMENDED** that the petition of Andrew David Wetzel for issuance of a writ of habeas corpus under 28 U.S.C. § 2254 be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state court remedies.

It is further **RECOMMENDED** that Wetzel's Motion for Stay (rec. doc. 9) be **DENIED** as moot.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. §636(b)(1); *Douglass v. United*

*Services Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996)(*en banc*).[1]

  New Orleans, Louisiana, this __28th__ day of ____September____, 2010.

                _____
                LOUIS MOORE, JR.
                United States Magistrate Judge

---

[1] *Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. §636(b)(1) was amended to extend that period to fourteen days.